United States District Court
Southern District of Texas
**ENTERED**
November 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY ANTHONY FOLEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-16-3185 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Roy Anthony Foley, a state prisoner, has filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again seeking relief from a state court conviction and sentence. (Docket Entry No. 1). After a review of court records, the Court concludes that the petition must be dismissed as successive.

### I.   Successive Petition

Court records indicate that petitioner has filed at least one prior petition for habeas corpus relief of his 2003 conviction for burglary in cause number 02-05-03563 in the 284th Judicial District Court of Montgomery County, Texas. *See Foley v. Quarterman*, Civ. A. No. 4:07-cv-384 (S.D. Tex. 2007) (dismissing the petition on the merits as time-barred under 28 U.S.C. §2244(d)). To the extent that petitioner raises the same claims in the present petition that he raised in his previous petition, this Court is required to dismiss those claims. 28 U.S.C. §2244(b)(1). To the extent that petitioner seeks relief on grounds not previously presented, he fails to allege or show that he has sought or received authorization from the Fifth Circuit to proceed in this Court with respect to any new claims he is raising. 28 U.S.C. § 2244(b)(3). Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.     Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000).  A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument.  *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

III.  **Conclusion and Order**

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner's Motion to Proceed *in forma pauperis* (Docket Entry No. 3) is **GRANTED**.

2. This action is **DISMISSED** without prejudice as a successive petition.

3. A certificate of appealability is **DENIED**.

4. All other pending motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 3rd day of November, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE